# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
May 5, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LITA M. MOORE,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0496** (BOR Appeal No. 2050300)
                    (Claim No. 2014003079)

**HARRELL MEMORIAL NURSING HOME, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lita M. Moore, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Harrell Memorial Nursing Home, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 19, 2015, in which the Board affirmed a March 11, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 6, 2014, decision granting Ms. Moore a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

 Ms. Moore, a certified nursing assistant, was injured in the course of her employment on July 29, 2013, when she was attacked by a combative patient. The claim was held compensable for thoracic sprain/strain and left shoulder sprain/strain. On October 23, 2013, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he noted the compensable conditions as thoracic strain and shoulder contusion. He stated that Ms. Moore reported pain in her right shoulder and mid-back as well as numbness in her right arm. Dr. Mukkamala opined that she had reached maximum medical improvement. Using the American

Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Mukkamala assessed 3% right shoulder impairment. He also found 4% thoracic spine impairment. He placed Ms. Moore in Category II-B of West Virginia Code of State Rules § 85-20-D (2006) and adjusted the rating to 5%. His total combined recommendation for the compensable injury was 8% impairment. The claims administrator thereafter granted Ms. Moore a 5% permanent partial disability award on February 6, 2014. The decision noted that the award was based on Dr. Mukkamala's evaluation; however, the right shoulder was rated in error. The claim administrator clarified that Dr. Mukkamala found no limitations for the left shoulder.

In a subsequent independent medical evaluation, Bruce Guberman, M.D., diagnosed post-traumatic, acute, and chronic thoracic spine strain as well as chronic post-traumatic strain of the right shoulder following a contusion. He found 6% impairment for the thoracic spine using the American Medical Association's *Guides*. He then placed Ms. Moore in Category II of West Virginia Code of State Rules § 85-20-D and found that his rating did not require adjustment. For the right shoulder, he found 4% impairment for a combined 10% whole person impairment. Because Ms. Moore already received a 5% award, Dr. Guberman recommended an additional 5% award.

Saghir Mir, M.D., performed an independent medical evaluation on October 27, 2014, in which he diagnosed a sprain at the mid and lower thoracic spine. He noted that both Drs. Guberman and Mukkamala calculated impairment for the right shoulder even though it was not a compensable part of the claim. Dr. Mir assessed 5% impairment using the American Medical Association's *Guides.* He then placed Ms. Moore in Category II of West Virginia Code of State Rules § 85-20-D and found that his rating did not require adjustment. Dr. Mir noted that he examined the right shoulder and stated that if it became a compensable condition, he would provide a rating using his measurements. On January 26, 2015, the claims administrator issued a corrected decision in which it stated that the claim was compensable for thoracic sprain/strain, right shoulder sprain/strain, and left shoulder human bite. Because the right shoulder was added to the claim, Ms. Moore was granted an additional 3% permanent partial disability award based off of Dr. Mukkamala's report. Shortly thereafter, Dr. Mir stated in an addendum report that he reviewed his prior evaluation and used his right shoulder findings to calculate Ms. Moore's impairment. He found 3% right shoulder impairment and opined that Dr. Guberman's findings showed excessive restriction of mobility of the right shoulder as compared to himself and Dr. Mukkamala.

The Office of Judges affirmed the claims administrator's February 6, 2014, decision in its March 11, 2015, Order. It determined that while all three evaluating physicians of record placed Ms. Moore in Thoracic Category II of West Virginia Code of State Rules § 85-20-D, they arrived at different range of motion impairments. Dr. Mukkamala's report was determined to be out of accord with the other physicians of record. Where Drs. Guberman and Mir found flexion deficit, Dr. Mukkamala did not. The Office of Judges also found that Dr. Guberman's report was not in accord with the other physicians of record. Dr. Guberman found 2% impairment for left rotation range of motion deficit but Drs. Mir and Mukkamala both found 1% impairment. The Office of Judges ultimately concluded that Dr. Mir's report was the most reliable and the most in accord with the other evidence of record. Like Dr. Guberman, Dr. Mir found range of motion deficit for

2

flexion and, like Dr. Mukkamala, he found 1% range of motion deficit for left rotation. The Office of Judges therefore held that Ms. Moore was entitled to no more than a 5% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its May 19, 2015, decision.

On appeal, Ms. Moore argues that Dr. Guberman's report was incorrectly found to be unreliable simply because his findings differed slightly from the other evaluators of record. Harrell Memorial Nursing Home, Inc., asserts that the first and last evaluators of record both found 5% impairment. It argues that Dr. Guberman's range of motion measurements in the thoracic spine and shoulder could not be duplicated by either of the other physicians of record. It finally argues that Dr. Mir is an orthopedic specialist and, as such, his opinion should be given the greatest weight.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Dr. Mir's report is supported by the evidentiary record, and the Office of Judges provided adequate reasoning for its decision. Ms. Moore is entitled to no more than a 5% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II